**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PARAMO OROZCO JULIAN DAVID,** | : | |
| Petitioner, | : | |
| **v.** | : | **CIVIL ACTION** |
| **JAMISON, J.L., Warden, Federal Detention Center, Philadelphia, et al.,** | : | |
| | : | **26-cv-08080** |
| Respondents. | : | |

**ORDER**

AND NOW, this 23rd day of October, 2026, upon consideration of Petitioner Julian David Paramo Orozco's Petition for a Writ of Habeas Corpus, ECF No. 2, and Respondents' Response in Opposition, ECF No. 5, it is hereby ORDERED that:

1. The Petition for a Writ of Habeas Corpus is GRANTED.[1]

[1] Respondents contend that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and that he must first pursue a custody-redetermination hearing before an immigration judge. ECF No. 5. Section 1226(a), however, provides discretionary—not mandatory—detention authority. And while Respondents maintain that ICE issued an arrest warrant and made an initial custody determination, the record before the Court does not demonstrate that ICE made an individualized determination that detention was necessary based on Petitioner's risk of flight or danger to the community before depriving him of his liberty. Respondents instead maintain that § 1226(a) permits detention without any such individualized determination and that Petitioner may obtain individualized review later through the immigration-court bond process. *See* ECF No. 5.

The Court concludes that, under the circumstances presented here, that process is insufficient. Petitioner has resided in the United States since approximately 2021, has no criminal history, and lives with his United States citizen fiancée. ECF No. 2 ¶ 18. Respondents submitted two signed administrative arrest warrants, a Notice to Appear, a Notice of Custody Determination, and a Record of Deportable/Inadmissible Alien. ECF Nos. 5-1–5-4. Although these documents establish that ICE initiated removal proceedings and formally recorded a decision to detain Petitioner, nothing in the present record shows that ICE considered Petitioner's circumstances—or any other facts bearing on danger or flight risk—before deciding to detain him. Petitioner therefore was deprived of his liberty without a meaningful individualized determination that detention was warranted.

The availability of a later bond hearing does not cure that deprivation. Petitioner challenges the process by which the Government initially exercised its discretionary authority to detain him, not merely the ultimate discretionary judgment whether he should later be released on bond. Requiring Petitioner to complete the administrative bond process before this Court may consider that claim would not remedy the alleged absence of constitutionally adequate

2. Respondents shall RELEASE Petitioner from custody forthwith.
3. Respondents shall return Petitioner's personal property that they seized during his arrest and detention including his personal identification and documents.
4. Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than 10:00 A.M. E.S.T. on October 24, 2026.
5. Respondents are temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.
6. If, after the seven-day period, Respondents choose to pursue re-detention of Petitioner, they must demonstrate through constitutionally adequate procedures that detention is authorized and warranted, including an individualized custody determination and a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

__________________________

HON. MIA R. PEREZ

---

process at the time detention was imposed. The Court therefore declines to require exhaustion under these circumstances.

This conclusion is consistent with the distinction recognized following *Buele Morocho v. Warden Philadelphia FDC*, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026): although DHS may possess statutory authority to detain a noncitizen under the applicable provision of the INA, the exercise of that authority remains subject to constitutional limits. Here, unlike a case in which the petitioner merely disagrees with the result of an individualized custody determination, the present record does not establish that such a determination occurred before Petitioner was detained. Because Petitioner's present detention followed no demonstrated individualized assessment of whether detention was necessary, the Court concludes that his continued detention violates the Due Process Clause of the Fifth Amendment and orders his immediate release.